# CODY v. CODY.

No. 2676.   Decided January 26, 1916.   (154 Pac. 952.)

1. NEW TRIAL—NOTICE OF DECISION — NECESSITY FOR SERVING. Where the decree in divorce was in favor of plaintiff, and was prepared by her attorneys, no notice of decision was necessary in order to set in motion the time for filing and serving a motion for new trial by plaintiff because of refusal of permanent alimony.[1]   (Page 459.)

2. APPEAL AND ERROR—AMENDMENT OF JUDGMENT—EFFECT—MOTION FOR NEW TRIAL. An amendment to a decree in a divorce case, intended merely to carry into effect the decision of the court, does not extend the six months period in which notice of appeal must be filed and served, if an appeal is desired.[2]   (Page 460.)

3. COSTS—APPEAL FORMA PAUPERIS. While affirmance of a judgment usually carries costs, costs will not be awarded where appellant filed an affidavit of impecuniosity.   (Page 467.)

4. DIVORCE—DECISIONS APPEALABLE. An appeal will lie from an order of the trial court denying the petition of a wife, who secured a divorce, for an award of alimony, filed long after the rendition of the decree. (Page 469.)

5. DIVORCE—ALIMONY—RIGHT TO. Under Comp. Laws 1907, sec. 1212, amended by Laws 1909, c. 109, declaring that, when an interlocutory decree of divorce is made, the court may make such order in relation to the children, property, parties, and maintenance as shall be equitable, and subsequent changes or new orders may be made with respect to the disposal of children and distribution of property as shall be reasonable, a wife, who was granted no alimony when an interlocutory decree of divorce was rendered, will not thereafter be granted alimony on petition to.[3] (Page 469.)

_____

[1] *Jensen* v. *Lichtenstein*, 45 Utah, 320; 145 Pac. 1036.

[2] *Parsons* v. *Parsons*, 40 Utah 602, 122 Pac. 907; *Custer* v. *Custer*, 41 Utah 575, 126 Pac. 880.

[3] *Read* v. *Read*, 28 Utah 297, 78 Pac. 675; *Buzzo* v. *Buzzo*, 45 Utah 625, 148 Pac. 362.

FRICK, J., dissenting in part.

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong*, Judge.

Action by Belle Cody against J. J. Cody.

From orders dismissing a motion for new trial and denying an increase of alimony, plaintiff appeals.

First appeal dismissed and order AFFIRMED as to second appeal.

•

*S. P. Armstrong* for appellant.

*J. W. McKinney* for respondent.

FRICK, J.

This proceeding was originally commenced in the district court of Salt Lake County by the plaintiff, Belle Cody, against her husband J. J. Cody, the defendant, to recover judgment for separate maintenance. While the action was pending the

plaintiff amended her complaint and prayed for a divorce. The defendant contested plaintiff's prayer for maintenance, as well as for divorce. Permanent alimony was prayed for in the complaint. On the 6th day of November, 1913, the district court aforesaid entered an interlocutory decree for divorce in favor of the plaintiff, under our statute as amended by Laws of Utah 1909, c. 109. In that decree, in addition to being granted a divorce, the plaintiff was also awarded the custody of her infant, a boy of six years of age, and the defendant was required to deposit with the clerk of said court the sum of twenty dollars a month, which, as stated in the decree, was allowed "as permanent alimony, the same to be used by the plaintiff, or such portion thereof as shall be necessary, for the care and support of said minor child." On the application of the defendant that portion of the decree quoted above was, on the 20th day of December, 1913, amended so as to make the decree conform to the decision of the court as the same was contended to be by the defendant. The decree was accordingly amended, so as to require the defendant "to pay to the clerk of this court the sum of twenty dollars, the same to be used for the care and support of said minor child." Said sum of twenty dollars was required to be paid monthly, and the record shows that, pursuant to said decree, the defendant paid, and the plaintiff received, the monthly payments from and including November, 1913, and to and including September 1914. On the 6th day of May, 1914, the plaintiff served and filed a notice of motion for a new trial. On the 26th day of May, 1914, the defendant, by his counsel, filed a motion to strike, or to "dismiss," as it is called, the alleged notice of motion for a new trial, upon the grounds that the same was not filed within the time required by our statute. On June 6th following the court granted defendant's motion, but at the same time, and after granting said motion, also "overruled" plaintiff's motion for a new trial. The plaintiff, on the 19th day of June, 1914, served and filed her notice of appeal from the interlocutory decree entered on November 6, 1913, as before stated.

The defendant has interposed a motion to dismiss the appeal from that decree on the ground that the same was not

taken within the time required by our statute, namely, within six months from the entering of the decree, or within six months from the time the decree became final upon the overruling of the motion for a new trial. Defendant's counsel contend that the notice of motion for a new trial was not filed within the time authorized by our statute, and for that reason the filing of said motion did not have the effect of extending the time for taking an appeal from the interlocutory decree of divorce. While, as we have seen, that decree was entered on November 6, 1913, or more than six months prior to the 19th day of June, 1914, when the notice of appeal was served and filed, yet counsel for the plaintiff insists that the notice of appeal was served within proper time for two reasons: (1) Because no notice of the original decision was served on the plaintiff; and (2) because the original decree was the same as if entered on December 20, 1913, and hence an appeal could legally be taken at any time within six months from that date, and inasmuch as the notice of appeal was served on the 19th day of June, 1914, it was served within six months from the date the judgment or decree became appealable.

As to the first proposition, we remark that the record is conclusive that the decree as entered was entirely in favor of the plaintiff, and that the same was prepared by her attorneys. Surely the statute requiring notice of a decision in order to set in motion the time for serving and filing a notice of motion for a new trial was not intended to apply to the party in whose favor the decision is given, when that party has prepared the findings of fact and conclusions for the court to sign. The party who prepares the findings and conclusions, and decree, must of necessity, as pointed out by us in *Jensen* v. *Lichtenstein,* 45 Utah 320, 145 Pac. 1036, be deemed to have notice of the decision, and hence is not entitled to further notice thereof. The plaintiff, therefore, was not entitled to notice of the decision in the divorce proceedings, and hence her notice of motion for a new trial was not filed within the time required by our statute, and it therefore could not be used as a means to extend the time within which to take an appeal.

Plaintiff's counsel, however, insists that, even though that

be conceded, the decree did not become final until December
20, 1913, when it was amended in the particular we have
stated. We are of the opinion, however, that in view of
the record in this case the amendment in question did        **2**
not have the effect contended for by plaintiff's counsel.
The alleged amendment, or change, was merely to make the
decree reflect the original decision as made by the court. The
amendment, therefore, related back to the time when the de-
cree was originally entered, and did not have the effect con-
tended for by counsel, namely, that it was the same as if a new
decree had been entered as of that date. The plaintiff, there-
fore, was required to serve and file notice of appeal within six
months from the entering of the interlocutory decree, if she
intended to appeal from that decree, as pointed out in *Par-
sons* v. *Parsons,* 40 Utah 602, 122 Pac. 907, and *Custer* v. *Cus-
ter,* 41 Utah 575, 126 Pac. 880. That it is manifest she has
not done. The motion to dismiss the appeal from the inter-
locutory decree must therefore prevail.

There is, however, another phase of the case which requires
consideration. As already stated, the action was originally
commenced for separate maintenance. Notwithstanding that
fact, however, the plaintiff asked for permanent alimony in
her original complaint in the following words:

"That the court assign and set apart and decree to her, as
alimony for the permanent support of herself and her said
minor child, such amount of the earnings of the defendant as
the court in its discretion may deem just and equitable."

When the complaint was amended by asking for a divorce,
the prayer for permanent alimony as given above, remained
therein. The court, in the interlocutory decree, however, did
not award the plaintiff anything except the twenty dollars
per month for the support of the minor child. As we have be-
fore stated, nothing is made to appear in the findings of fact or
conclusions of law why no permanent alimony was allowed.
In view of the fact that no permanent alimony had been al-
lowed by the court in the interlocutory decree, and that an al-
lowance of only twenty dollars per month had been made
therein for the child, the plaintiff, on the 8th day of Septem-
ber, 1914, served and filed her notice of motion for an allow-

ance to her of permanent alimony, and also asked for an increase in the allowance for the child as aforesaid. The defendant, on the 10th day of September, 1914, filed a motion in which he moved the court "to dismiss said motion for alimony upon the ground that the matter of alimony had been adjudicated." Two days thereafter the court granted defendant's motion and dismissed plaintiff's motion or application for permanent alimony and for an increased allowance for the support of the child. The plaintiff, in her application, in substance alleged that since the interlocutory decree for a divorce was entered her physical condition, by reason of bodily injuries, had changed so that she at the time and for that reason, was not able to support herself, and also averred that the defendant's earnings were then sufficient to authorize the making of an allowance of alimony for her, and also to permit an increase of the allowance made for the support of the child. All those allegations and averments were contained in papers and affidavits on file in the case, and were specially referred to in the motion. The court, it seems, did not consider the allegations and averments, or changed physical condition of the plaintiff, but entered an order or judgment dismissing the motion upon the sole ground that the matter had been adjudicated in the interlocutory decree of divorce. The plaintiff has also prosecuted a separate appeal from that order or judgment, and now insists that the court erred in that regard.

Defendant's counsel contend that plaintiff's appeal must fail for two reasons: (1) Because the bill of exceptions in which the proceedings are recorded was not settled in time; and (2) because the matter of alimony was adjudicated in the interlocutory decree. And they further assert that, because the appeal from that decree failed for the reasons before stated, we are powerless to review the question.

The contention that the bill of exceptions which contains the matters relating to the second appeal was not settled in time cannot prevail. As to those matters the bill was settled in accordance with the requirements of our statute, and hence we are required to consider the matters therein contained in so far as they have any bearing on the second appeal. The question of whether the matters covered by the second appeal have been

adjudicated in the interlocutory decree, and should have been reviewed on the appeal from that decree, if reviewed at all, remains to be considered. It is doubtless true, as contended by defendant's counsel, that where the court allows, or disallows, alimony in the interlocutory decree by which a divorce is granted, the party aggrieved, in the absence of fraud, must review the question on an appeal from that decree, and, in case no appeal is prosecuted from that decree within the time prescribed by our statute, the matter of alimony, like all other matters included in the divorce proceedings, is concluded by that decree. While it is true that in attempting to appeal from the interlocutory decree the plaintiff sought to have reviewed the court's refusal to allow her permanent alimony, yet that fact, standing alone, is not necessarily fatal to her second appeal. Her second appeal is based upon Comp. Laws 1907, Section 1212, as amended by chapter 109, Laws Utah 1909. That section reads as follows:

"When an interlocutory decree of divorce is made, the court may make such order in relation to the children, property, parties, and the maintenance of the parties and children as shall be equitable: Provided, that if any of the children have attained the age of ten years and are of sound mind, such children shall have the privilege of selecting to which of the parents they will attach themselves.

"Subsequent changes, or new orders, may be made by the court in respect to the disposal of the children or the distribution of property, as shall be reasonable and proper."

Her counsel contends that, inasmuch as it was made to appear in plaintiff's application that after the interlocutory decree was entered her physical condition had changed by reason of the alleged injuries, and that the defendant, when the application was made, was earning sufficient money to authorize an allowance for alimony and an increase in the allowance originally made for the child, she was at all events entitled to have the court consider her application and make findings of fact and conclusions of law thereon. That, counsel contends, is what is contemplated by the statute we have quoted above. The contention seems reasonable. The statute in terms provides that:

"Subsequent changes or new orders may be made by the court in respect to the disposal of the children, or the disposition of property as shall be reasonable."

Defendant's counsel, however, contend and cite authorities to the effect that, if the court had in the interlocutory decree granted the plaintiff some amount as permanent alimony then the court could, upon a proper application and showing, have changed such an allowance; but they insist, in view that the court made no allowance whatever, that therefore there is nothing to change, and hence the only way that a modification or change in the interlocutory decree could have been effected in that regard was by timely appeal to this court, and upon a review of the evidence produced before the trial court. We think the Legislature in adopting the statute intended to, and did, enlarge the common-law powers of our courts of original jurisdiction in divorce proceedings. We also think that the Legislature possessed ample power to pass such a statute. The statute must therefore be given a reasonable construction and application. Although the language is general in permitting "subsequent changes and new orders" to be made, yet we think it was not thereby intended that the courts could at any time review their own former orders or decrees respecting the allowance of alimony, etc., and are of the opinion that what was contemplated by the statute was that where a court had granted a decree of divorce and had allowed alimony, or had made distribution of property and disposal of children, either party could thereafter come into court and allege that since the entry of the original decree material and permanent changes had taken place, by reason of which the allowance of alimony, as made, was either excessive or insufficient under the changed conditions, and that for that reason the existing allowance should either be increased or decreased, as the case may be, or that the distribution of the property, or the disposal of the children, as made, should be changed so as to reflect justice between the parties.

To illustrate: Suppose that after the original decree was entered, in which a fixed sum as permanent alimony was allowed to the wife, she, while still unmarried, should suffer serious personal injuries, or should lose her property, if she had any,

and by reason of that fact the previous allowance should be insufficient to supply her with the necessaries of life, and it should further be made to appear that her former husband had ample means to supply her wants; why should not the court change or modify the former allowance or make a new order in that regard, if necessary, in order to prevent the divorced wife from becoming a public charge? Again, suppose that a husband at the time a divorce is granted has ample means, and the court makes a liberal allowance to the wife as alimony, to be paid periodically or otherwise for a definite period of time, and suppose, further, that in such a case the husband, after the decree is entered, and after the time for an appeal has elapsed, suffers financial reverses and loses the most, if not all, of his property, or he is injured physically, or loses his health, and the allowance theretofore made for the divorced wife is no longer just and equitable; why should not the court, upon such a statement of facts being shown, modify the decree by decreasing or setting aside the allowance theretofore made. A change under such circumstances was permitted, even under the statute before it was amended. See *Buzzo* v. *Buzzo*, 45 Utah 625, 148 Pac. 362. Moreover, why should not a divorced husband be required to increase the allowance made for the maintenance of his minor child, the custody of which was awarded to the divorced wife, in case it was made to appear that after the allowance was made the child suffered permanent physical injuries, or by reason of serious illness, or otherwise, the original allowance is no longer just or sufficient for its maintenance and support?

The foregoing, however, are mere illustrations, and are not intended as fixing the limits within which modifications of existing allowances may be made upon the proper applications and proof and under changed conditions. We have set them forth only for the purpose of showing that there are various conditions that may arise after the granting of the original decree that may require the changes or new orders spoken of in the statute respecting the original allowances made, without giving the courts the power to review their own allowances upon the facts existing at the time they were made. We do not think the Legislature intended that the courts should review

the allowances made by them for alimony in divorce proceedings, but what was intended was that, where material new conditions have arisen after the decrees were made, which conditions were not, and could not have been, considered or passed on by the courts, then, upon proper application and proof, the courts may make "subsequent changes or new orders" respecting the allowance of alimony or the distribution of property or the disposal of children. Where a party is dissatisfied with the original allowance or distribution of property, or the disposal of the children, he must prosecute a timely appeal to review the court's orders or decrees in that regard, and in such cases the review must be had upon the evidence adduced upon the original hearing. When the conditions have changed, however, as before stated, the changes or new orders must be based upon the allegations of the changed conditions and the evidence in support thereof.

We think, therefore, the district court should have heard the evidence in support of plaintiff's application, and should have made findings of fact and conclusions of law upon the evidence, and entered judgment accordingly. By what we have said we do not mean to be understood as holding that the court should have made an additional allowance in this case for the child, or should have made an allowance of alimony in favor of the plaintiff. Applications that are made for a change of allowance, or which require new orders, must first be submitted, considered, and passed on by the trial courts, and those courts must make findings of fact and conclusions of law thereon and enter their judgments accordingly. In that regard much must be left to their discretion, and all we have the power to do is to review their judgments, the same as in other cases.

In conclusion, we remark that the record presented to us is very incomplete, imperfect and unsatisfactory. This condition, we think, was brought about by two causes: (1) For the reason that different counsel represented plaintiff from time to time pending the proceedings; and (2) that because of appellant's poverty she was unable to advance any money to counsel for costs and expenses, either to prosecute her case or in preparing it on appeal, all of which is made to appear from her affidavit of impecuniosity filed in this court. Notwith-

standing the condition of the record, however, we have given it full force and effect, except where the defects were jurisdictional. In view that neither party advanced any money for printing, nor for other purposes in this court, we make no allowance for costs. The district court may, however, make such allowance to the plaintiff in presenting her application as to it may seem just and equitable.

Since writing the foregoing the Chief Justice has handed me his opinion, in which he, in part, dissents from the conclusions, reached herein. I have carefully considered what is said by the Chief Justice; and have also again carefully reviewed my conclusions, and, while I agree with much that he says, yet I must confess my inability to yield to the conclusions reached by him. I can see no way to escape the positive provisions of our statute. The Chief Justice, in effect at least, concedes that if the court, in the decree, reserves the right to make changes in the matters contemplated by the statute, then perhaps such can be made in the same action upon filing a proper application therefor. In my judgment, under our statute, the reservation exists to the same extent as though it were written into every decree. True, a proper application should be made, and, as I have pointed out in my opinion, the court should not attempt a review of his former decree, but should limit any change strictly to the new conditions as they are alleged in the application and established by the evidence. It is often the case that courts deem themselves better qualified to determine what the law should be upon a given subject than the Legislature, and for that reason, by strict construction, practically fritter away the substance of a statute governing that subject.

As stated in the original opinion, in my judgment, our statute clearly confers powers upon the courts of original jurisdiction which they did not possess before it was adopted. These powers should not be minimized or construed away by the court of last resort, simply because that court may deem the power conferred unwise, or that by a careless court it may be too liberally applied, or even at times abused. All courts should exercise the powers conferred upon them carefully, prudently, and conscientiously, and the presumption is that they will do so until the contrary is shown. But in view that

the Legislature has conferred the power, it is the exclusive prerogative of that body to withdraw it, or to modify it, if deemed wise to do so. I also concur with the Chief Justice that an application should be made in a formal manner, and that it should be stated therein, in clear and concise terms, just what the applicant complains of and what he desires to prove. While the application in this case is far from a model, yet, under the facts and circumstances, it was sufficient to apprise the court and the opposite party just what the applicant claimed. Nor did the court disregard the application because it was insufficient either in form or substance. For these reasons I am still of the opinion that the former conclusions should prevail.

For the reasons stated the first appeal is dismissed, and the second is sustained. So far we are all agreed, but beyond this we are divided. For the reasons stated in my opinion I still think the order of the trial court dismissing the application to modify the decree should be reversed and the case remanded, with directions to reinstate the application and to proceed in accordance with the views expressed by me. To this my Associates, for the reasons stated by them in their separate opinions, do not agree, and their judgment in that regard must therefore prevail. The order of the court below dismissing the application to modify the decree, therefore, should be, and it accordingly is, affirmed.

Ordinarily, under the statute, the affirmance of the judgment carries costs. In this case, however, the appellant, who was the former wife of respondent, files an affidavit of impecuniosity, and the appeal, therefore, is one in *forma pauperis*. We shall therefore make no order for costs in favor of respondent against his former wife.

STRAUP, C. J.

The plaintiff, in her amended complaint, asked for a divorce on the grounds of cruelty, permanent alimony, custody of the child, and an award for its support. The defendant denied the allegations of cruelty, and alleged that the plaintiff was addicted to the use of opiates and intoxicating liquors, and was guilty of adultery and licentious conduct. The court

found the issues in favor of the plaintiff, granted her a divorce, awarded her the custody of the child and twenty dollars a month for its support, but awarded her nothing for alimony or .counsel fees. Neither a motion for a new trial nor an appeal from that judgment was made or taken in time; hence the proceedings resulting in the judgment are not properly before us for review. Nearly a year after the judgment became final and irreversible, the plaintiff served and filed a notice that she, on a day named, would ask the court for an allowance of fifty dollars a month as permanent alimony, and an increase of twenty dollars a month for the support of the child. The notice, of course, was not verified, and was signed only by plaintiff's counsel. It stated that the motion would be based on the fact that since the decree the plaintiff had sustained personal injuries by accident which incapacitated her from earning a livelihood, and that it would be made upon "the records and files and minutes of the court in said cause and upon testimony of witnesses to be produced at the hearing of this motion." Nothing else was filed to invoke action to modify the decree.

The defendant served and filed a notice of motion that on a specified day he would ask the court to dismiss plaintiff's motion, on the ground that "the question of alimony has heretofore been decided and adjudged by this court by its decree herein, by which decree the said plaintiff is denied alimony." Both these motions came on for hearing. The court, first hearing arguments on the defendant's motion, granted it, and dismissed plaintiff's motion to modify the decree. Then the plaintiff, as stated by her counsel, "to make a record," stated that he offered to show that the defendant then was, "and during the course of these proceedings, since this action was brought, had been, earning in the neighborhood of $200 a month," and that since the decree the plaintiff had sustained personal injuries, "so that she is not able to do work which she could do prior to that time and had been doing," and that "she is not able to earn wages or to do housework to any great extent, and is not able to earn a living by reason of those injuries, and by reason of injuries which she had received during the marriage, which partially incapacitated her from do-

ing housework, which is the only kind of work she is capable of doing; that those injuries had been greatly aggravated by this fall, and that particularly since that time she has been unable to earn anything more than probably her board and room; and we ask for an allowance of alimony, both on the ground that it should have been originally awarded, and on the ground of the change of the condition of the plaintiff since the divorce, that she should have alimony awarded, and that the defendant is amply able to pay a reasonable allowance of alimony.'' It is thus seen that the modification of the decree was asked on error, and matters adjudicated in the original decree, and on the only new matter or changed conditions, that the plaintiff, since the decree, had by accident sustained personal injuries.

Now, I think the ruling an appealable order; but I think the motion to modify the decree was properly dismissed. I have no doubt that, under the statute, when judicial action is properly invoked, the court, as to orders which relate to alimony, custody of children, and awards for their support, when they are continuing and over which the court retains a continuing jurisdiction, is authorized on a proper showing to modify the decree in such particulars. But **4, 5** a further essential to such relief and which is universally agreed upon, is that there must be averments and proof of a change of circumstances or conditions of the parties. Thus I think the order awarding twenty dollars a month for the support of the child was, on such averments and proof, subject to modification. Such an order by its very nature is continuing. So also was the order awarding the custody of the child continuing and subject to modification according to changed conditions, circumstances, habits, and conduct of the parties. So also would be an order allowing alimony for a designated amount per month or other stated period, or until the happening of a contingency or contingencies. But where, upon issues and evidence, the question of alimony is set at rest, either by awarding a gross sum in lieu of all rights in and to the husband's property, or where, in lieu of all such rights specific property is in fee awarded to the wife, or where, upon issues and evidence adduced, no alimony what-

ever is awarded, then I think such an order is final and constitutes a full discharge, unless the order awarding no alimony is based upon grounds that the husband then had no property and no means with which to support the wife, and physically was unable to earn support for her, and that he thereafter acquired property or otherwise became able to support her.

I know there are authorities which hold that a final judgment for alimony in gross is, even after the judgment becomes irreversible, subject to modification on averments and proof of changed conditions and circumstances. But I believe the better rule and weight of authority to be against such a holding. The cases bearing on the question may be found in 7 Standard Ency. of Procedure, 842; 17 Century Digest, Divorce, Section 692; 7 Decennial Digest, Divorce, Section 245; 2 Nelson on Divorce, Sections 933a and 934. Except dicta stated in them, there is nothing in *Read* v. *Read*, 28 Utah, 297, 78 Pac. 675, or *Buzzo* v. *Buzzo*, 45 Utah, 625, 148 Pac. 362, to make against this. If an order allowing alimony in gross, or specific property in lieu of all rights in and to the husband's property, is final and res adjudicata, and not open to modification, except upon averments and proof of fraud, deceit, or misrepresentation in procuring the order, for just as cogent reasons do I think an adjudication upon issues and evidence awarding no alimony is likewise final and set at rest, and not subject to modification, except on averments and proof of fraud, deceit, or misrepresentation in procuring it.

Though it should be assumed that the order was continuing, both as to the disallowance of alimony and the award for the support of the child, still, I am of the opinion that the motion for a modification of the decree was properly dismissed, on the ground that judicial action for a modification was not properly invoked. To invoke such action it, of course, was not essential to bring a new action. The plaintiff could move for a modification in the main cause. But to do that it nevertheless was requisite to file a verified petition, or affidavit, or some pleading, setting forth the new matter, or facts constituting the changed conditions or circumstances of the parties. 7 Standard Ency. of Procedure, 844; 14 Cyc. 787. Nothing of that kind was filed, and until something of that kind

was filed judicial action for a modification was not properly invoked. All that the plaintiff did was to serve and file a notice that she at a specified time would apply to the court for a modification of the decree in the particulars stated in the notice. Such a notice but served the purpose of a summons or citation or process to appear. It was no more traversable than is a summons or citation. As well could it be sought to take a judgment on a summons without a complaint as a modification of the judgment on a mere notice, without a petition or affidavit or some pleading calculated to invoke action and confer power. To sanction the latter requires but a further step to permit the former. If a party desires a modification of a decree which has become final and irreversible, there is no hardship in requiring the filing of a petition, affidavit, or some pleading setting forth the facts relied on to invoke action and secure relief. I do not well see how such action may otherwise be invoked. To look at the notice itself for averments of facts is to confuse process with pleadings and to do violence to well-recognized principles that pleadings, not process, are the juridical means of investing a court with jurisdiction to adjudicate; that the jurisdictional facts must affirmatively appear and be stated in the right pleading; that fundamental principles of procedure arise, not from process, but from organic law; and that the jurisdictional record, the right record, and which generally is strictly construed, must sustain the order or judgment—otherwise the proceedings will be regarded as *coram non judice*. Because no such petition, or affidavit, or other instrument in the nature of a pleading, was filed, I think the court was without jurisdiction to modify the decree in any particular, and that it therefore properly dismissed the motion.

Though the notice should be regarded as the juridical means to invest the court with jurisdiction to modify, yet, when it is looked to, it fails in substance. So far as it relates to the award for the support of the child, it is wholly wanting in facts as to changed conditions or circumstances. The only new matter stated to modify the order of disallowance of alimony is that the plaintiff, since the decree, sustained personal injuries. But it is not made to appear in

what respect such alleged new matter was pertinent. Neither the findings nor the decree in the original cause show the specific ground on which the court denied the allowance of alimony. In this proceeding it must be assumed that the disallowance was based upon some good ground justifying it. If the court, on the issues and evidence, erred in such respect, the error ought to have been corrected by a motion for a new trial or by appeal, which, as has been seen, were not invoked in time. The matter, therefore, stands as though no action was taken to correct what, if any, errors were made. Thus, must it be presumed that there were no errors and that the court properly, and for good cause, disallowed alimony? The grounds upon which the disallowance was based are but inferable. It certainly was not done on the ground that the plaintiff had property, or herself had other means of support, for the undenied averments in the pleadings show that she had no property or other means of support. Neither was the disallowance made upon the ground of any disability of the defendant, for by his answer in the original cause it was admitted that he was a railroad engineer in the employ of a railroad company and that "his average earnings are about $150 per month." Thus it would seem that the court disallowed alimony upon the ground of misconduct or misbehavior of the plaintiff.

True, the court, in general terms, found the averments of the complaint to be true, and those of the answer to be untrue, from which it can be argued that the court found that the plaintiff was not guilty of the alleged misconduct in the answer. But the fact nevertheless remains that the court disallowed alimony; and it may be that after the court found the averments in the complaint to be true and those in the answer to be untrue, it most grievously erred in disallowing alimony. But, as before observed, if so, that ought to have been corrected by a motion for a new trial, or by an appeal. It cannot be corrected on an application for a modification of the decree, for that must proceed on the theory of new matter and changed conditions and circumstances of the parties which have arisen since the decree or upon facts fraudulently withheld. So unless it is made to appear by averments and proof

that the disallowance of alimony was based on the ground that the plaintiff had ability to earn her own support and livelihood, and since became disabled, or that when the decree was rendered the defendant was without ability, and since became able; the fact that the plaintiff, since the decree, sustained personal injury affecting her ability to support herself is not pertinent. That the plaintiff since the decree sustained personal injury affords no ground to now review the ruling of the court in disallowing alimony, and now do what the court could have done on a motion for a new trial, or what we could have done on an appeal—correct the error, if one in such particular was made, and award alimony. That would be a most novel writ of error, or review, or method to restore a lost appeal or motion for a new trial. If, on the other hand, the court disallowed alimony on the ground of misconduct of the plaintiff, then, of course, the fact that she, since the decree, sustained personal injury, would have no bearing on the modification of such an order. So I do not see how, on an application for a modification of the decree, the merits of a ruling made in the main cause may be reviewed, or the question of alimony thrown at large, as it seems was attempted by plaintiff's offer of proof, because she, since the decree, sustained personal injuries.

I therefore think the plaintiff's motion to modify the decree was properly dismissed.

McCARTY, J.

Comp. Laws 1907, Section 1212, so far as material here, provides:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties and children as shall be equitable. * * * *Subsequent changes may be made by the court in respect to* the disposal of children or *the distribution of property,* as shall be reasonable and proper."

While the scope and intent of that part of the section which I have italicized is not free from doubt, I am of the opinion that it can only be invoked for the purpose of procuring "changes" in the distribution of property in cases where

an order respecting distribution has been made. In other words, the phraseology, *"Subsequent changes  *  *  * of the distribution of property,"* presupposes that some order respecting distribution has been made. In this case no order respecting alimony or distribution was made by the court; hence I am of the opinion that the court was without jurisdiction to make any order of distribution.

I therefore concur with the reasoning of, and in the conclusions reached by, the Chief Justice.