# TRIBE v. TRIBE.

No. 3687.   Decided November 19, 1921.   (202 Pac. 213.)

1. APPEAL AND ERROR—WHEN NO COMPLAINT MADE OF FINDINGS, FACTS ASSUMED TO BE AS FOUND. Where no complaint is made regarding the facts as found by the court, the Supreme Court must assume the facts to be as stated in the findings.

2. DIVORCE—PROVISION FOR SUPPORT AND EDUCATION OF BOY NOT MODIFIED WHEN BOY DID NOT WILLFULLY REFUSE TO GO TO SCHOOL. Where a divorce decree required the husband to pay $20 a month for the support, care, maintenance, and education of a boy, and he could not obtain the education necessary to qualify him to become independent without such payment, and he had not willfully refused to go to school, but was compelled to leave school to earn a livelihood and pay debts incurred in attempting to fit himself as an automobile engineer, the refusal to modify the decree by eliminating the provision for such payment was not error.

3. DIVORCE—ALLOWANCE FOR CHILD'S SUPPORT AND EDUCATION HELD NOT CONDITIONAL ON CONTINUOUS SCHOOL ATTENDANCE. Under a divorce decree requiring the husband to pay $20 a month for the support, care, maintenance, and education of a boy for 10 months in each year of his minority, beginning September 1st and ending June 30th, the liability to make such payment was not conditional on the boy's continuous attendance at school during the 10-month period, where he did not willfully refuse to go to school, but merely refrained from doing so because he must earn a livelihood.

4. DIVORCE—COUNSEL FEES PROPERLY ALLOWED IN PROCEEDING TO COMPEL PAYMENT OF ALLOWANCE FOR SUPPORT AND EDUCATION OF CHILDREN. Where a divorce decree requires the husband to pay a certain sum periodically for the support, care, maintenance, and education of children, and he, without sufficient cause, refuses to comply therewith, compelling the wife to bring proceedings against him, whether for contempt or otherwise, the court within reasonable bounds may require him to pay counsel fees.

Appeal from District Court, Second District, Weber County; *P. C. Evans*, Judge.

Suit by Mary Tribe against Alvin M. Tribe. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

A. G. Horn, of Ogden, for appellant.

Geo. H. Halverson, of Ogden, for respondent.

FRICK, J.

While the issues presented in this case are quite narrow, yet, in order to arrive at a correct solution of those issues, it becomes necessary to state the facts somewhat in detail.

On July 18, 1918, in an action then pending in the district court of Weber county, the respondent herein as plaintiff was granted a decree of divorce from the appellant upon the ground of extreme cruelty. While the original action for divorce was pending, the plaintiff and defendant entered into an agreement in which the property rights of the parties and the alimony to be awarded to the plaintiff were attempted to be settled. When the case came on for trial, however, the district court deemed the provisions made ·in said agreement for the plaintiff and her minor children, the custody of which has awarded to her, wholly inadequate and unfair, and therefore set aside the agreement of the parties, and made such allowance as alimony for the plaintiff and the support and maintenance of the said minor children as to the court seemed just and fair under the circumstances. In that connection the court found that—

The plaintiff "is afflicted with heart disease, * * * that the physical condition of plaintiff, due to said heart trouble, is poor, and that plaintiff will never be able to perform any work or labor requiring any extraordinary exertion."

The court further found:

"That the affliction from which plaintiff is suffering is incurable; * * * that the daughter of plaintiff and defendant, Katherine Tribe, a girl of the age of 11 years, has been small and frail and delicate and a semi-invalid since birth, having subsisted on artificial nourishment for years, and her physical condition is now such that she needs the constant care and attention of the plaintiff."

The court also found that the defendant "is a strong, able-bodied man, 41 years of age, and that he has earned and is capable of earning an income of not less than $150 per month and in addition to this he receives dividends * * * of not less than $50 per month." The court also made findings respecting the value of the property owned by the defendant at that time, and determined the amount that should be awarded to the plaintiff, fixing such amount. In the decree of divorce, after making the specific allowances of property as aforesaid as and for the plaintiff's alimony, appears the following:

"* * * And in addition thereto the sum of $75 per month for the period of 6 months, beginning July 1, 1918, for herself for her support and maintenance; *and in addition thereto the sum of $20 per month from said date for the support, care, maintenance, and education of said minor child George Vernon Tribe for a period of 10 months in each year of his minority beginning September 1st and ending June 30th;* and in addition thereto the sum of $30 per month from said date for the support, care, maintenance and education of said minor child Katherine Tribe." (Italics ours.)

The controversy relates entirely to that portion of the decree we have italicized, and arises as follows:

The defendant having failed to pay the $20 for the maintenance of the boy, the plaintiff, on April 14, 1921, made application upon oath to the district court of Weber county setting forth the nonpayment of the money as aforesaid and requested the court to issue an order requiring the defendant to show cause why he should not be adjudged guilty of contempt. Such an order was duly issued, and, pending the hearing thereon, the defendant, on April 22, 1921, served a motion upon the plaintiff and filed the same in said district court, in which he "moves the court to amend the decree in the above-entitled action by striking from the same all provisions relating to the payment of any sums for the support, care, maintenance, and education of George Vernon Tribe upon the ground that the same is no longer necessary, and for the further reason that the said George Vernon Tribe is employed in daily labor and is earning at least the sum of $100 per month, and he is fully able to amply provide for the

[his] needs. * * *'' The plaintiff, in addition to her request for an order to show cause why the defendant should not be adjudged in contempt for failing to comply with the provisions in favor of said George Vernon Tribe, also filed a motion to require the defendant to pay $20 a month to the clerk of said court.

On the 25th day of May, 1921, after hearing oral evidence in support of and against said order to show cause, and for and against defendant's motion, the district court made findings of fact in which, among other things, it found that the defendant was in arrears in the payment of said $20 per month for the maintenance of said George Vernon Tribe to the amount of $490. The court also found that said George Vernon Tribe had ''matriculated at the University of Utah for the purpose of completing an engineering course, but only remained there for 2 months for want of means for his support, care, maintenance, and education while there; that owing to the nonpayment of said alimony, said George Vernon Tribe is unable to complete his education in accordance with his desires and his circumstances in life.'' The court further found:

"That said George Vernon Tribe is employed in daily labor and is earning about the sum of $80 per month, but that said amount is necessary, together with the amount above, as alimony for the support, care, maintenance and education of said George Vernon Tribe."

The court made conclusions of law to conform to the foregoing findings, and entered judgment for said $490 in favor of plaintiff and for $100 attorney's fee for her counsel to prosecute these proceedings. The court denied plaintiff's motion that the money be paid to the clerk, and also denied defendant's motion that the original decree be modified as prayed by him.

The evidence produced at the hearing is to the effect that George Vernon Tribe was desirous of adapting himself for what he calls an automobile engineer; that in view that the defendant failed to pay the $20 per month alimony he could not accomplish his purpose without earning additional sums of money. It was also made to appear that for the purpose aforesaid he paid his matriculation fee to the university of

Utah, but in view that the expenses were so far in excess of his means he soon had to leave that institution, and when he left it he was indebted, and thus was compelled to earn money to pay those debts. The mother also testified that she was very desirous that the lad complete his education and fit himself as an automobile engineer; that she was entirely unable, by reason of not having sufficient funds, to aid him in his desire. It was also shown that he could not accomplish his purpose of becoming an automobile engineer by merely attending the common schools of Ogden; that for a time while he was employed at $80 per month he took a training course under a special teacher. The plaintiff, his mother, also testified that while she was married again after obtaining the divorce from the defendant, yet her present husband had no property whatever, and that his earnings amounted to the sum of $135 per month, all of which was needed for family expenses; that in order to keep the little girl in a school suitable to her condition it cost her much more for her maintenance and education than was received for that purpose from the defendant. The evidence is also to the effect that in view of the mother's inability to help George Vernon Tribe, and that the defendant refuses to pay the amount due under the original decree, the boy was compelled to work to earn a livelihood. It is then shown that he could obtain employment, and that he worked only a little in excess of nine months between the time the original decree was entered and this proceeding was commenced; that he had saved about $60, which, as he says, "was put away so that I could go to school. The boy also testified that he attended school at Ogden a few months after the original decree was entered and before this proceeding was commenced.

It is upon substantially the foregoing facts and circumstances that the district court denied the motion of the defendant to modify the decree, and upon which it made the findings and entered the judgment aforesaid. Defendant appeals from that judgment, and, while he has assigned a number of errors in his original assignments of error, he in

his brief, stating them in his own language, presents the following propositions for decision:

"(1)  It was error to render any judgment against the defendant; (2) it was error to refuse to amend the decree; (3) it was error to allow attorney's fees; and (4) the judgment for contempt is wrong."

The foregoing propositions may all be considered together with the exception of the third one.

The foregoing are the only propositions that are argued in defendant's brief and are the only matters that are complained of except as hereinafter stated.

It will be observed that no complaint is made regarding the facts as found by the court. We must therefore assume the facts to be as stated in the findings. It will also be observed that the only ground upon which defendant's motion for a modification of the original decree is based is that—

"The payment of any sums for the support, care, maintenance and education of George Vernon Tribe * * * is no longer necessary," for the reason "that said George Vernon Tribe is employed in daily labor and is earning at least the sum of $100 per month, and that he is fully able to amply provide for himself."

In view that the court decided against the defendant, and there is no complaint here that the finding or decision in that regard is not supported by the evidence, that phase of the controversy is eliminated. In fact, practically the only point that was argued by defendant's counsel when this case was heard was that the district court had erred in construing that portion of the original decree which we have italicized. In keeping in mind the grounds set forth in defendant's motion to modify the decree it will be seen that such were not the reasons stated in that motion. Whether the reason now argued was presented to the district court we cannot determine from the record. It would seem, however, that if that had been so, then all that would have been necessary to present to the court was that George Vernon Tribe had willfully refused, and was continuing to refuse, to attend school.

Regardless, however, of defendant's contentions in that regard below, we shall assume that he has the right to be heard respecting the duties that should be imposed upon him in the

original decree.   In view of that fact we have felt impelled
to set forth the facts and circumstances which confronted the
district court both when the original decree was entered and
after that time to the bringing of this proceeding.

In view of all the facts and circumstances, and in view of
the terms of the original decree which we have hereinbefore
set forth, can defendant's contention be sustained that under
the terms of that decree he was required to pay maintenance
for George Vernon Tribe only upon condition that the latter
attended school continuously during the 10-month period
mentioned in the decree?

The language of the decree is that the $20 shall be paid,
"for the support, care, maintenance and education of said
minor" in each year during his minority for the period be-
ginning September 1st and ending June 30th.   True, that is
ordinarily the school year in this state.   But nothing is said
in the decree that in case George Vernon Tribe does not at-
tend school the maintenance there provided need not be paid.
Neither is such payment made upon condition that George
Vernon Tribe attend school continuously and under all cir-
cumstances.   It may well be that if the evidence showed that
George Vernon Tribe had willfully refused and neglected to
attend school when he could do so the defendant might be
relieved from paying the amount allowed for his maintenance.
It should be observed, however, that the terms of the decree
are not that the payments be limited for the education
merely of the minor, but the terms are that the $20 are to be
paid for the support, care, maintenance, and education of
said minor.   If, therefore, the conditions were such that the
minor could not have attended school by reason of sickness
or for some other unavoidable cause, the defendant, in our
judgment, would not have been justified in refusing to pay
the allowance made for the minor's maintenance.   The undis-
puted evidence in this proceeding clearly justifies the con-
clusion that under the circumstances which surrounded him
the minor could not obtain the education which was necessary
to qualify him to become independent without the payment
of the $20 per month that the defendant, as his father, was

obligated to pay under the decree. Nor can it be said that in view of the evidence the boy did not make a reasonable effort to attend school whenever he could do so in order to attain his ambition to become an automobile engineer. Moreover, if the father had paid the $20 punctually as required, and the boy had willfully refused to go to school, the father might then have come into court with good grace to make the facts known, and could have asked the court to relieve him from the payment of that sum. Had he done so he would appear in a better light. Under the circum- **2, 3** stances disclosed by the evidence, however, the boy did not willfully refuse to go to school, but when he made the attempt to fit himself as an automobile engineer he was compelled to leave school to earn a livelihood and to pay debts that he had incurred in making the foregoing attempt. Under such circumstances the district court was clearly right in refusing to modify the decree as prayed for in the defendant's motion. Moreover, in our judgment the terms of the original decree are not limited as contended for by the defendant. The only limitation is that the defendant need not pay the $20 in case that George Vernon Tribe willfully and without cause refuses to go to school, and not merely because he refrains from doing so because he must earn a livelihood. If the construction contended for by defendant were placed on the decree the boy would be compelled to go to school in order to obtain the $20 although he would have to starve to do so.

The defendant, however, contends with much vigor that the court erred in allowing plaintiff counsel fees in this proceeding. In support of his contention he cites and relies upon the following authorities. *In re Van Alstine,* 21 Wash. 194, 57 Pac. 348; 13 C. J. pp. 12, 90, 9 R. C. L. 485 and 6 R. C. L. 538. The case first cited does not touch the question. In 13 C. J. nothing is said at page 12 which sheds any light upon this question while at page 90, in discussing what may be allowed in contempt proceedings generally, the author says:

"It has frequently been held that attorney's fees may be included in the fine as part of the costs and expenses, but the au-

thorities are not uniform on this question."

To the same effect are the statements in R. C. L. to which the defendant refers. Upon the other hand, the Supreme Court of California has held that an allowance for counsel fees is proper in proceedings of this character. See *Bancroft* v. *Bancroft,* 178 Cal. 352-358, 173 Pac. 582; *Grannis* v. *Superior Court,* 143 Cal. 630, 77 Pac. 647; *Bohnert* v. *Bohnert,* 91 Cal. 431, 27 Pac. 732, and *Bruce* v. *Bruce,* 160 Cal. 28, 116 Pac. 66. To the same effect is *Graham* v. *Graham,* 140 Tenn. 328, 204 S. W. 987. Where, as here, a decree of divorce is obtained by the mother of minor children against the father of such children for causes for which the father is alone responsible, and where in the decree the custody of the children is awarded to the mother, and the father in the decree of divorce is required to pay a certain sum periodically for the "support, care, maintenance and education" 4 of such children, and he, without sufficient cause, refuses to comply with the requirements of the decree, and the mother is compelled to bring proceedings against him in court, whether for contempt or otherwise, we can see no good reason why the court, within reasonable bounds, should not require the father to pay counsel fees. If the father has reason to believe that circumstances have arisen under which he should no longer be required to comply with the conditions imposed by the decree, the court is always open to him to make application to be relieved from the obligation. He may, however, not refuse to comply with a decree merely because he thinks he should be relieved from his obligation and compel the mother to go into court to enforce the provisions of the decree. If he refuses to comply with the decree, he does so at his peril, and if the court finds against him he should be required to hold the mother harmless. If it were held otherwise, the father could compel the mother to fritter away in costs and counsel fees practically the whole of the allowance made for the children by bringing repeated actions to enforce payment of such allowance. Such a course is repugnant to both common sense and common justice.

We discover no reason why the judgment of the district court should not stand. It is therefore affirmed, with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THUR-
MAN, JJ., concur.