## CARSON v. CARSON

No. 5525.   Decided July 23, 1935.   (47 P. [2d] 894.)

**2**

*Willard Hanson* and *E. R. Christensen,* both of Salt Lake City, for appellant.

*Christenson, Straw & Christenson,* of Provo, for respondent.

ELIAS HANSEN, Chief Justice.

Defendant prosecutes this appeal from a judgment dismissing his petition whereby he sought an amendment of a decree of divorce theretofore entered against him in favor of his former wife, plaintiff and respondent herein. The divorce decree was made and entered January 30, 1932. The petition to amend the decree of divorce was filed on July 29,

1933. Plaintiff demurred to the petition to amend the decree upon the ground that it failed to allege sufficient facts to entitle defendant to any relief. The demurrer was sustained, and upon defendant's failure and refusal to further amend his petition the same was dismissed. Errors are assigned because the demurrer was sustained and because the petition was dismissed without a hearing on merits. The record before us, so far as material to the questions presented for review on this appeal, shows plaintiff secured her divorce because of defendant's cruelty toward her. By the decree of divorce plaintiff was awarded the custody of Donald Carson, age three years, the issue of the marriage of plaintiff and defendant. Plaintiff was awarded a judgment against the defendant for the support of herself and minor child in the sum of $15 per month for a period of six months and $20 per month thereafter until the further order of the court. Attorney's fees and costs were also awarded plaintiff. The personal property of the parties was, by agreement, divided by them. It is in substance alleged in the petition here brought in question that petitioner is unable to earn, and has not, since the decree of divorce was entered, earned an average of $30 per month; that because of the general depression prevailing there is no likelihood that he will be able to earn as much as $30 per month in the near future; that he is indebted in the sum of $213 in dentist and store accounts contracted during the period that he and his wife were living together as husband and wife; that plaintiff and the minor child, the issue of the marriage of plaintiff and defendant, are residing with the parents of plaintiff at Salem, Utah county, Utah; that when defendant is at home he resides with his parents at Salem, Utah; that defendant's parents are willing to care for the minor child; that defendant is unable to pay $20 per month for the support of plaintiff and the minor child; "that at the time said decree was entered he was in good health, but that since said time his health has become greatly impaired; that it has become necessary for him to have, and he has had all of his upper

teeth extracted, and he is at the present time suffering from a toxic goiter, and that it will be necessary for him to have medical and surgical care and attention, and likewise, hospital treatment, and that he has no money or property whatever of any kind, and unless he obtains relief as herein prayed for he will be unable to bear any of the expenses in connection with said hospital and medical care and attention aforesaid." Petitioner prays that the amount of alimony that he is required to pay by the divorce decree be reduced and that he be awarded such other and further relief as the court may deem proper.

In a proper case the amount of alimony awarded in a decree of divorce may be changed. R. S. Utah 1933, 40-3-5. The party to a divorce proceeding, however, is not entitled to a modification of the decree of divorce in the absence of a showing that there has been a material and permanent change of conditions since the entry of the decree. *Cody* v. *Cody,* 47 Utah 456, 154 P. 952; *Sandall* v. *Sandall,* 57 Utah 150, 193 P. 1093, 15 A. L. R. 620; *Tribe* v. *Tribe,* 59 Utah 112, 202 P. 213; *Chaffee* v. *Chaffee,* 63 Utah 261, 225 P. 76. Tested by the rules announced in the foregoing cases, the mere fact that defendant was indebted in the sum of $213 at the time he filed his petition to amend the decree of divorce did not entitle him to an amendment thereof. It is not alleged that such indebtedness was incurred after the decree of divorce was granted. On the contrary, the answer filed by the defendant to plaintiff's complaint shows that he, at that time, was indebted in excess of $213. Obviously, the fact that defendant's parents are willing to care for the minor child, Donald Carson, has little, if any, bearing upon defendant's claimed right to have the decree of divorce amended. No claim is made that the mother is not a proper person to have the care and custody of the child, or that she is not properly caring for his needs. Nor is it claimed that the welfare of the child will be improved by giving its custody to defendant's parents. Donald Carson has not yet attained the age of ten years, and therefore his

custody should remain with the mother. R. S. Utah 1933, 40-3-10. In the divorce proceedings the trial court found "that the defendant is an able bodied man, capable of earning, and is earning $35 per month." Apparently, at the time the divorce decree was entered, and at the time he filed his petition to amend the decree of divorce, he was employed as a sheep herder, and as such was furnished with board and lodging as part of his compensation. Assuming, as we must, for the purposes of demurrer, that after the decree of divorce was granted his compensation was reduced from $35 to $30 per month, still such fact, standing alone, did not require a reduction of the amount of alimony provided for in the decree. While defendant alleges in his petition for a modification of the decree that he will probably not be able to secure employment at a wage in excess of $30 per month in the immediate future, such allegation is a mere expression of the pleader's opinion. A reduction of $5 per month in defendant's salary, which may be but temporary, is not such a change of conditions as to entitle, him as a matter of right, to an amendment of the decree.

A more serious question is presented with respect to the allegations that since the decree was entered defendant's health has become seriously impaired; that he is suffering from a toxic goiter; that it is necessary for him to have medical and surgical treatment and hospitalization, and that because of lack of funds he is unable to secure the same. If, upon a hearing, such facts are established, it may not be said, as a matter of law, that defendant is not entitled to any relief. The alleged impairment of his health since the decree of divorce was granted, and the necessity for him to have funds for medical and surgical treatment and hospitalization, if established, are such a change of conditions as entitle him to be heard upon the merits of his petition.

We are thus of the opinion, and so hold, that the court below was in error in sustaining the demurrer and dismissing the petition. The judgment dismissing the petition

is reversed. This cause is remanded to the district court of Utah county, with directions to reinstate the petition and overrule the demurrer. No costs or attorneys' fees on appeal will be allowed either party by this court, but upon a final disposition of the petition the court below is not precluded from taxing such costs on appeal and attorney's fees as it may deem proper.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.