HAMILTON v. HAMILTON.

No. 5684. Decided May 26, 1936. (58 P. [2d] 11).

Chris Mathison, of Salt Lake City, for appellant.

O. H. Matthews, of Salt Lake City, for respondent.

ELIAS HANSEN, Chief Justice.

Defendant prosecutes this appeal from an order amending a decree of divorce. He contends that the court below was without jurisdiction to make the amendment complained of. There is no dispute as to the facts. On March 29, 1928, plaintiff brought suit for divorce in the district court of Salt Lake county, Utah. She alleged in her complaint that she and the defendant were husband and wife; that she was, and for more than one year next prior to the commencement of her suit had been, an actual and bona fide resident of Salt Lake county, state of Utah; that there were no children born of said marriage; that defendant has willfully neglected, and continues to so willfully neglect, to provide plaintiff with the common necessaries of life;

"that the plaintiff and defendant have, by written agreement, made a settlement of their property rights, in consideration of which agreement and the performance thereof, the plaintiff hereby waives all rights against the defendant for alimony, maintenance, support and suit money, other than the said agreement provided for."

The only judgment prayed for by plaintiff was that the bonds of matrimony now existing between her and defendant be dissolved. The defendant voluntarily appeared in the divorce action, and waived time in which to answer or otherwise plead to the complaint. Upon filing her complaint together with the appearance and waiver of the defendant, plaintiff appeared in person and by counsel. Defendant was not present in person or by counsel. His default was entered. Upon plaintiff presenting evidence in

support of the allegations of her complaint, findings of fact, conclusions of law, and decree were made and entered in the cause. The findings of fact so made are in the identical language of the complaint. Conclusions of law are to the effect that plaintiff was entitled to a decree of divorce and that she should not recover anything from the defendant by way of court costs, attorney's fees, or alimony so long as the terms of said agreement settling property rights were complied with by the defendant. The decree of divorce dissolved the marriage relation, and provided:

"That the plaintiff have and recover from the defendant no sum or sums whatever by way of court costs, attorney's fees or alimony so long as the terms of the Agreement of date March 29, 1928, settling the property rights between the plaintiff and defendant are carried out and complied with by the defendant."

The decree of divorce was made and entered on the same day, March 29, 1928, that the complaint was filed. Nothing further was done in the divorce action until December 8, 1933, when plaintiff filed a verified petition in the cause and prayed that the decree of divorce be modified so as to include therein a part of the agreement with respect to the settlement of the property rights between her and the defendant, and for general relief. The part of the agreement which she seeks to have made a part of the decree of divorce provides:

"The party of the second part (defendant) shall pay the sum of One Hundred Dollars ($100.00) on the 1st day of each calendar month commencing with the 1st day of April, 1928, and to and including the 1st day of March, 1929, to the party of the first part (plaintiff) at Walker Brothers Bankers, Salt Lake City, Utah, or to such other place as the party of the first part may from time to time designate; and the sum of One Hundred and Fifty Dollars ($150.00) a month on the 1st day of each and every calendar month beginning with the 1st day of April, 1929, and continuing during the remainder of the life of said party of the first part."

It is further averred in the petition to amend the decree of divorce "that from inadvertence or for some other reason

the aforementioned Agreement was not incorporated or made a part of the decree." "In an affidavit attached to the petition to amend the decree plaintiff averred" that said defendant has wholly failed to live up to the terms of said Agreement since November 1, A. D. 1930."

Upon the filing of the petition to amend the decree the court below issued an order directing the defendant to show cause why the decree of divorce should not be amended as prayed. Defendant appeared pursuant to the order. After hearing was had, the decree was amended as prayed. At the hearing the agreement settling the property rights of plaintiff and defendant was offered and received in evidence. It was also made to appear that since November 1, 1930, the defendant has failed to pay plaintiff the monthly payments provided for in the agreement of settlement. No evidence was offered touching the question of why the court failed to include in the original decree any provision with respect to the monthly payments provided for in the agreement of settlement. The judge who awarded the decree of divorce was not the judge who granted the petition to amend such decree. The agreement of settlement which was so received in evidence contains numerous provisions in addition to that relating to monthly payments to be made by the defendant to plaintiff. Such agreement provides for the settlement of a partnership which had theretofore existed between plaintiff and defendant, for the payment of $300 by the defendant to plaintiff, for the conveyance of property located in Salt Lake City, Utah, and Glendale, Cal., by the defendant to plaintiff. The rights of the respective parties in various shares of stocks, automobiles, furniture, and other personal property was fixed by the agreement. It is also provided in the agreement that each of the parties should assume and pay certain enumerated obligations of the partnership, and that defendant should pay to plaintiff during the remainder of her life one-half of the income which defendant should derive from his business not exceeding $3,600 in any calendar year, including the monthly pay-

ments provided for in the agreement. In her petition to amend the decree of divorce plaintiff does not complain of any failure of defendant to comply with the agreement of settlement excepting that with respect to the payment of monthly installments.

The law touching the authority of a court to modify a decree of divorce is thus stated in 19 C. J. 269:

"Except in the case of fraud or mistake or where the decree is continuing, as where the rights of children are involved, or where the court has reserved jurisdiction in the decree, in the absence of express or implied statutory authority to the contrary, by the weight of authority an allowance of alimony on the granting of a divorce from the bonds of matrimony is absolute, and cannot be altered after the expiration of the term or the time in which a new trial may be had or an appeal may be perfected."

We have a statute which provides:

"When a decree of divorce is made the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable. * * * Such subsequent changes or new orders may be made by the court with respect to the disposal of the children or the distribution of property as shall be reasonable and proper." R. S. Utah 1933, 40-3-5.

The power of a court to make amendments in the particulars authorized by the statute just quoted is not without limits. Thus, in the absence of changed conditions or circumstances, a modification of a decree may not be had. *Cody* v. *Cody,* 47 Utah 456, 154 P. 952; *Sandall* v. *Sandall,* 57 Utah 150, 193 P. 1093, 15 A. L. R. 620; *Tribe* v. *Tribe,* 59 Utah 112, 202 P. 213; *Chaffee* v. *Chaffee,* 63 Utah 261, 225 p. 76; *Carson* v. *Carson,* 87 Utah 1, 47 P. (2d) 894. So, too, where the original decree fails to award the wife any alimony, the court, in the absence of fraud, deceit, mistake, or misrepresentation in procuring the decree, is without authority to modify the decree so as to award alimony. *Cody* v. *Cody,* supra. Another statutory provision which bears

upon the case in hand is that "the relief granted to the plaintiff, if there is no answer, cannot exceed that which he demands in his complaint." R. S. Utah 1933, 104-30-5. It will be observed that plaintiff, by her petition, is not seeking any change or new order with respect to the distribution of any property. Apparently she is merely seeking the aid of the court in the divorce action to enforce the agreement of settlement entered into by her and her husband. So far as appears, the only change of condition or circumstances that has occurred since the divorce was granted is the failure of the defendant to keep up the monthly payments. When the decree of divorce was granted, as well as since that time, the duties and obligations of the defendant to make monthly payments rested upon the settled agreement, and not upon the decree of divorce. At the time she filed her suit for divorce she was content to rely solely upon the contractual obligation of the defendant because the only relief prayed and the only relief granted was that she be awarded a decree of divorce. While the rules of law calculated to maintain the sanctity and stability of judgment have been somewhat relaxed in divorce proceedings, especially in jurisdictions possessing statutory provisions such as our R. S. Utah 1933, 40-3-5, yet upon principle and what we perceive to be the great weight of authority the court below was in error in granting the amendment to the decree under review. Such view finds support in the adjudicated cases heretofore cited. Especially are the principles announced in the case of *Cody* v. *Cody,* supra, applicable here. Among the cases from other jurisdictions which support our conclusions are *Soule* v. *Soule,* 4 Cal. App. 97, 87 P. 205; *O'Brien* v. *O'Brien,* 124 Cal. 422, 57 P. 225; *Howell* v. *Howell,* 104 Cal. 45, 37 P. 770, 43 Am. St. Rep. 70; *Bennett* v. *Bennett,* 50 Cal. App. 48, 194 P. 503; *Johnson* v. *Johnson,* 65 How. Prac. (N. Y.) 517; *McCormick* v. *McCormick,* 82 Kan. 31, 107 P. 546; *Conway* v. *Conway,* 130 Kan. 848, 288 P. 566; *Moross* v. *Moross,* 129 Mich. 27, 87 N. W. 1035. It may well be that plaintiff has a remedy against the defendant by an

independent action on the agreement of settlement, but, as that question is not before us for review on this appeal, we express no opinion concerning the same.

The judgment is reversed. Costs to appellant.

FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, Justice (concurring).

I concur. Even if the clause in the decree reading, "so long as the terms of the agreement of date March 29, 1928, settling the property rights between the plaintiff and defendant are carried out and complied with by the defendant," is construed as an implied reservation of jurisdiction, there was no evidence on which to base the amendment giving her $100 a month as alimony. Granted that a provision in a decree reserving jurisdiction as to the granting of alimony where the decree gave no present alimony rises higher than the power given by the statute which permits a change of alimony on the showing of changed conditions—a proposition which I very much doubt—at least, when alimony is finally granted under the new decree it must be based on a showing. It might be that, had a showing been made in this case, it would have appeared that the defendant was unable to pay $100 a month. The agreement to pay $100 a month executed at the time the action was filed cannot be the measure of what the court should grant five years later. The agreement may be a basis for a suit damages for failure to keep it but the condition and circumstances of the party must control the giving of alimony, if, indeed, any can be granted where the decree read as did this one.

The complaint asked for no alimony and set down no allegations as a foundation for the erection of alimony. While respondent may be correct that the original decree, not being appealed from, foreclosed resort to the absence of allegations in the complaint, yet does it foreclose the use of such absence as a defense against an attempt to modify the

original decree to include alimony not theretofore included? Could not appellant say to the court: "For the first time you are awarding alimony. There is no allegation to support such a decree. We made no point of it before because we did not need to, since your original decree did not depart from the complaint by granting alimony."

In this case the implied reservation of jurisdiction to grant alimony, if it was a reservation and if such reservation gives to the court any power greater than that given by the statute to modify a decree as the statute is interpreted in *Cody* v. *Cody*, 47 Utah 456, 154 P. 952, was not properly exercised by merely incorporating in the modified decree the amount of monthly payments set forth in the agreement. That was purely an attempt to enforce an agreement through incorporation in a decree. There must be evidence, as in the case of one applying for modification under the statute, to show the ability of the defendant and the need and requirements of plaintiff.