## CROCKER et al. v. GARLAND.

### Court of Appeal, Second District; July 9, 1906.

#### 87 Pac. 209.

**Broker—Fraud in Sale.**—Where, in an Action Against a Broker for fraud in the sale of plaintiff's land, the findings, which were in favor of the defendant, were either in express conflict with the allegations of defendant's answer or were in conflict with the testimony, and there was also evidence opposed to the general finding, it was proper for the court to grant plaintiff a new trial.[1]

**Appeal—New Trial.**—The Discretion of the Trial Court in Granting a new trial for insufficiency of the evidence will not be disturbed, except in cases of manifest abuse.

**Pleading—Variance.**—Where an Objection to the Sufficiency of the complaint to entitle plaintiffs to the profit made by defendant on a sale of certain property presented at most a mere question of variance, the court was authorized to disregard the same by Code of Civil Procedure, section 469.

APPEAL from Superior Court, Los Angeles County; N. P. Conrey, Judge.

Action by Henry J. Crocker and others against William M. Garland. From an order granting plaintiffs' motion for a new trial, defendant appeals. Affirmed.

Clarence A. Miller and George J. Denis for appellant; Hunsaker & Britt, Mastick, Van Fleet & Mastick and Edward F. Treadwell for respondents.

SMITH, J.—This is an appeal from an order granting the plaintiffs' motion for a new trial.

The suit was brought by the plaintiffs for damages for fraud of the defendant, committed by him while acting as their agent for the sale of the land described in the complaint. The nominal purchaser was one Schweppe, with whom the defendant, as plaintiffs' agent, had made a contract of sale August 21, 1901, for the sum of $25,000, and to whom a deed of conveyance, executed to him as grantee by the plaintiffs and placed in escrow for delivery on receipt of the purchase money, was delivered on the sixteenth day of Octo-

---

[1] Cited in the note in Ann. Cas. 1912D, 1226, on duty of trial court to set aside verdict as contrary to evidence.

ber. Schweppe had executed a prior unrecorded deed of the land to one Hinman, but the land was shortly afterward reconveyed to him, and by him conveyed to one Earl by deed of date November 12, 1891. It is alleged in the complaint that Schweppe was not the real purchaser; that he was an intimate associate and blood relation of the defendant and Hinman, who was his father in law, and by agreement with the defendant permitted him to use their names in the transaction, but that in truth they had no interest in the purchase, but took the deeds referred to for the use and benefit of the defendant; and that the defendant fraudulently represented to the plaintiffs that Schweppe was the real purchaser, which was believed by them. The answer of the defendant alleges, in effect, that the real purchaser of the property was the said Hinman, and that the deed was taken by Schweppe in trust for him and as his agent; that neither he nor anyone except Hinman had any beneficial interest in such sale; that the entire purchase money of $25,000 was paid by Hinman; that the defendant had no interest whatever in the said sale of the said property or any portion thereof; that the plaintiffs knew and had reason to believe that Schweppe was not in truth or in fact the real purchaser of the land, but knew that the real purchaser was some person living "at or near Dunkirk, the residence of Hinman"; and that Hinman was known to them as the real purchaser from and after October 14th. The sale to Earl, it appears from the defendant's evidence, included a lot adjoining the plaintiff's, standing in the name of Schweppe, but belonging to the defendant, who had paid therefor the sum of $14,000. The aggregate purchase money received for the two lots was $60,000, of which $30,000 was paid to Hinman and the balance retained by the defendant.

The case was tried by a jury, who rendered a general verdict for the defendant, with special findings on certain questions submitted to them, among which were the following: (1) That the defendant did not conceal from plaintiffs the name of the real purchaser of the property; (2) that prior to the closing of the sale the defendant had no agreement with Hinman to the effect that the defendant should have the profits which might be made upon a resale of the property over and above the sum of $5,000; (3) that the real purchaser of plaintiffs' property under the deed was

Schweppe; and (4) that the plaintiffs, prior to the closing of the sale did discover who was the real person to whom the property was being sold. On the motion for a new trial, these findings, as well as the general verdict, were attacked on the ground of insufficiency of the evidence to sustain them; and the motion for a new trial was granted on the grounds, so far as the sufficiency of the evidence is concerned, (1) that the evidence was insufficient to support the special findings enumerated, and (2) that by reason of the insufficiency of the evidence to sustain the special findings, it was insufficient also to sustain the general verdict; and the question is whether, on the record before us, these rulings of the court can be sustained.

With regard to the special findings, the first and third of the findings enumerated are in conflict with the express allegations of the answer; the fourth, if it can be construed as referring to Hinman, is without any evidence to sustain it; and the second is in direct conflict with the testimony of the defendant, who admits that he did have such agreement with Hinman prior to the closing of the sale. It is clear, therefore, that as to these findings, the ruling of the court cannot be disturbed. With regard to the general finding, it may be inferred from the special findings that it was based on the assumed fact that Schweppe was the real purchaser; and upon this, indeed, is based the principal argument of the appellant on this appeal, which is, in effect, that the functions of the defendant as agent of the plaintiffs ceased upon the execution of the contract made by him with Schweppe on August 21st. But this argument assumes, not only that the contract was thus made to Schweppe as the bona fide purchaser, but that Schweppe continued to be ready and willing to perform the contract, and that in fact the deed was made to him as the real purchaser. But not only is this in conflict with the repeated and explicit allegations of the answer, but the evidence at least tends to show that the contract was in fact abandoned by Schweppe almost immediately after it was made, and that the defendant, after that, proceeded as the agent, not of Schweppe, but of the plaintiff's availing himself of the contract with Schweppe merely for the purpose of gaining time to effect the sale at the price specified. The evidence may, indeed, be susceptible of a different construction; but, if it could

be assumed that the issue was before the jury, a finding of the jury to the effect stated, approved by the court, would have been conclusive, and equally the action of the court in granting a new trial would be within its discretion. Here not only is the evidence bearing upon the question inconclusive, but the actual fact found by the jury and relied upon by the appellant is in conflict with the allegations of the answer. We do not doubt, therefore, that it was within the discretion of the lower court to set aside the general verdict on this ground. Nor upon a review of the evidence can we say, as matter of law, that the court was not justified in granting a new trial on other grounds. We are of the opinion, therefore, that the order of the lower court must be affirmed, not only upon the special grounds above stated, but on the general ground that the discretion of the lower court in granting a new trial for insufficiency of the evidence will not be disturbed, except in cases of manifest abuse.

An objection is made by the appellant to the sufficiency of the complaint to entitle the plaintiffs to the profit made by the defendant by the sale of the property to Earl. But this, at most, was a mere question of variance, which it was within the right of the court to disregard (Code Civ. Proc., sec. 469 et seq.), and which in fact it did disregard in its instructions.

Other objections are urged to the instructions; but, as the case is presented to us, we do not deem it necessary to consider them.

The order appealed from is affirmed.

We concur: Gray, P. J.; Allen, J.