## BUZZO v. BUZZO.

No. 2667. Decided January 27, 1915; Rehearing denied May 8, 1915
(148 Pac. 362).

DIVORCE—ALIMONY—MODIFICATION OF DECREE.   Under Comp. Laws
1907, section 1212, providing that when a divorce is granted,
the district court shall have power to make such orders in rela-
tion to the children, parties, and the maintenance of the par-
ties and children as shall be equitable, and that subsequent
changes may be made as to the disposal of the children or
the distribution of property, where a decree of divorce required
the husband to pay the wife forty dollars a month as alimony,
and made such payment a lien on real estate, with a provision
for a lump sum on a sale of the real estate, the court could
modify the decree by reducing the alimony, though the husband
in his pleadings admitted that forty dollars a month would be
a reasonable allowance.[1]

Appeal from District Court, Third District; *Hon. C. W.
Morse,* Judge.

Suit for divorce by J. B. Buzzo against Elizabeth Buzzo.

From an order reducing allowance of alimony, defendant
appeals.

AFFIRMED.

*N. V. Jones* for appellant.

*Walter C. Hurd* for respondent.

FRICK, J.

This is an appeal by a divorced wife from an order or judg-
ment made by the District Court of Salt Lake County, in
which the allowance of permanent alimony to the wife as
fixed in the original decree of divorce was reduced against
her consent.  The order or judgment aforesaid was based upon
the evidence adduced by the respondent in support of his

---

[1] *Whitmore* v. *Hardin,* 3 Utah 121; 1 Pac. 465; *Read* v. *Read,* 28
Utah 297; 78 Pac. 675.

motion for a modification of the original decree respecting the allowance of alimony,. and upon that adduced by the appellant in opposition to said motion. No bill of exceptions was settled, nor are there any findings of fact in the transcript, and hence there is nothing for us to review, except the one assignment that the order or judgment modifying the original decree is contrary to law.

The original decree in which the respondent was awarded a divorce from appellant was entered on the 25th day of April, 1904, and the order or judgment modifying the same as appears from the transcript was entered November 28, 1913. A supplemental order was also signed by the judge on the 6th day of January, 1914. The original decree, so far as material here, provided: ''That the plaintiff herein (respondent) pay to the defendant (appellant) the sum of forty dollars per month as alimony.'' The amount was made payable on the fifteenth day of each month, and was declared a lien on certain real estate which was fully described. There was also a provision made in the decree for the payment of a special sum as alimony out of said real estate in case a sale thereof could be effected, at which time the forty-dollar payments were to cease. It seems no sale was ever made, and hence the order for the payment of the forty dollars a month continued in force until it was modified as before stated.

Counsel for appellant strenuously insists that the district court had no power or authority to modify the original allowance of alimony for the reason that the amount was fixed by the consent of the parties, and that for that reason he contends the decree is a consent decree. We have a statute (Comp. Laws 1907, section 1212) which provides that in case a divorce is granted the district courts of this state shall have the power to make such orders in relation to ''the children, property, parties, and the maintenance of the parties and children as shall be equitable.'' It is further provided that ''subsequent changes may be made by the court in respect to the disposal of children or the distribution of property, as shall be reasonable and proper.'' Waiving, for the purpose of this decision, the question of whether under said statute the courts may modify a decree for alimony wherein specific

real property is decreed to the wife, or where a fixed lump sum is paid to her, yet where, as here, a sum is named in the decree of divorce, which is made payable. monthly, all courts agree that, under statutes like ours, the courts upon the application of either party have the power to change, modify, or revise such a decree, and whenever it is satisfactorily made to appear that the circumstances and conditions of the parties, or one of them, have changed so that the amount originally allowed is no longer just or equitable, the court may modify the same. *Wallace* v. *Wallace*, 74 N. H. 256; 67 Atl. 580; 13 Ann. Cas. 293; *Blake* v. *Blake*, 75 Wis. 339; 43 N. W. 144, and other cases there cited; *Soule* v. *Soule*, 4 Cal. App. 97; 87 Pac. 209; 2 Nelson, Div. & Sepr., section 934; 14 Cyc. 786. That the courts have such power has also been recognized by the territorial Supreme Court. See *Whitmore* v. *Hardin*, 3 Utah 121; 1 Pac. 465. And also by this court in *Read* v. *Read*, 28 Utah 297; 78 Pac 675. The question is thoroughly considered and discussed in the two cases cited from New Hampshire and Wisconsin. While it is true that the question here presented was not directly involved in either one of the Utah cases, yet both these decisions show that this court took the same view of the purport of section 1212, *supra,* that other courts have taken of similar statutes. We have carefully examined the original decree, which is in the transcript, and after doing so we are unable to agree with counsel that it is what is sometimes called a consent judgment or decree. There is nothing in the decree itself which could be thus construed. Counsel, however, contends that because respondent admitted in his pleadings that forty dollars a month would be a reasonable allowance to make for appellant, therefore he is irrevocably bound to pay that amount. We are of the opinion, however, that every decree of divorce and alimony must be deemed to have been entered subject to the provisions of section 1212, *supra.* All courts agree that, if it is provided in the decree itself that it may be modified or revised in case the circumstances and conditions of the parties have materially changed, the modification may then be made. Now, we think that under statutes like ours the provision therein contained. authorizing a change or modification, is as much a part of the

decree as though it were written into it. When the court in 1904, therefore, allowed forty dollars a month as alimony, it must be assumed that that amount was subject to change as provided in section 1212.

The cases cited by counsel for appellant have no application here. Those cases, with one exception, refer to judgments or decrees which were entered by agreement of parties in proceedings other than for divorce. Nor did the courts in those cases consider the effect of statutes like ours. It is true that the case of *Harding* v. *Harding*, 198 U. S. 317; 25 Sup. Ct. 679; 49 L. Ed. 1066, was a divorce case. The only question there involved, however, was whether the judgment rendered by a court of competent jurisdiction in Illinois was binding upon the courts of California under the full faith and credit clause of the federal Constitution. In that case it appears that the husband, in a case pending between him and his wife for separate maintenance, stipulated that it was his and not her fault that caused her to live separate and apart from him, and upon that stipulation the court of Illinois ordered the amount agreed to by the husband to be paid to the wife for her separate maintenance while she lived apart from him. The husband thereafter went to California and commenced an action for divorce against the wife in that state upon the ground of her willful desertion. The wife appeared in the action, and pleaded the husband's stipulation as an estoppel against him to assert desertion, but the court of California refused to consider her plea, and entered judgment for divorce against her. She appealed to the Supreme Court of the United States, invoking the full faith and credit clause of the federal Constitution, and that court upheld her contentions as before stated. It is manifest, therefore, that the decision in that case can have no influence upon a case like the one at bar.

We are firmly convinced that upon the record presented here we are not authorized to interfere with the order or judgment of the district court. The judgment is therefore affirmed, with costs.

STRAUP, C. J.

I concur, restricting my concurrence, however, to the precise and only question presented, authority to modify the decree on the alleged ground that it was a consent decree. Under what circumstances divorce decrees may be modified as to property or alimony on other grounds I express no opinion.

McCARTY, J., concurs.