[Civ. No. 19122.   Second Dist., Div. One.   Feb. 4, 1953.]

MAE K. HOWARTH, Respondent, v. FRED J. HOWARTH, Appellant.

L. M. Cahill for Appellant.

William J. Donahue and Riccardi & Webster for Respondent.

PATROSSO, J. pro tem.—This action was instituted by plaintiff to recover subsequently accrued installments under the same property settlement agreement executed between herself and her former husband, the defendant herein, which was the subject of a previous action between the same parties. The judgment rendered therein, in favor of plaintiff, was affirmed upon appeal by this court. (*Howarth* v. *Howarth,* 81 Cal.App.2d 266 [183 P.2d 670].)   The opinion in that case sets forth at length the terms of the agreement and they need not be restated here.

An examination of the previous opinion of this court and appellant's brief herein, discloses that appellant's attack upon the judgment appealed from is based upon the identical grounds assigned upon his appeal from the judgment in the previous action, and all of which were decided adversely to

him by the court. Under the circumstances no detailed consideration thereof is required.

Briefly stated, appellant's primary contention is that the agreement sued upon was incorporated and merged in the decree granted by the District Court in and for Tooele County, Utah, in the divorce action between the parties, and as corollary thereto (a) that the payments under said agreement were in the nature of alimony and hence subject to modification by the Utah court, and (b) any attempt by a California court to enforce payment thereof constitutes a violation of the full faith and credit clause of the federal Constitution. In the previous action between the parties heretofore adverted to, the Superior Court in and for the County of Los Angeles decided each of these contentions adversely to appellant, and, as stated, upon appeal this judgment was affirmed. ▮ Hence appellant is estopped from relitigating the same questions in the instant proceeding. "A judgment for the plaintiff on one installment is not a bar to an action for a subsequently accruing installment; it is, however, a conclusive adjudication as against the defendant of everything determined therein, including the plaintiff's rights under the contract and his right to maintain an action thereon." (15 Cal.Jur., p. 156, § 202, and cases there cited.) Moreover, were we at liberty to reexamine the questions sought to be presented, we see no reason to depart from the views expressed with reference thereto upon the prior appeal.

The judgment is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 2, 1953.