[Civ. No. 21677.   Second Dist., Div. One.   Dec. 10, 1956.]

MAE K. HOWARTH, Respondent, v. FRED J. HOWARTH, Appellant.

Lawrence M. Cahill for Appellant.

William J. Donahue for Respondent.

FOURT, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in the sum of $4,725.

The plaintiff brought this action to recover accrued installments due under a property settlement agreement, executed by the parties hereto, which has been the subject of two previous actions.   The first of such actions was brought in January, 1945, and was to collect $2,640, allegedly due under the property settlement agreement.   Judgment was rendered in favor of the plaintiff and affirmed upon appeal in this court.   (*Howarth* v. *Howarth*, 81 Cal.App.2d 266 [183 P.2d

670].) A petition for a hearing by the Supreme Court was denied and the United States Supreme Court denied a petition for a writ of certiorari.

The second of such actions was started about May 1, 1946, and was to collect $6,615, due under the property settlement agreement. Judgment was rendered in favor of the plaintiff and affirmed upon appeal in this court. (*Howarth* v. *Howarth*, 115 Cal.App.2d 769 [252 P.2d 743].) A petition for a hearing by the Supreme Court was denied and thereafter, the United States Supreme Court denied a petition for a writ of certiorari.

Appellant now, for all intents and purposes, makes the identical contentions as were made in the second appeal and substantially the same contentions which he made in the first appeal. Each and every contention heretofore raised by the appellant has been decided against him. No useful purpose would be served in setting forth a résumé of the two previous decisions, and to do so would but consume useful space and unduly enlarge this opinion.

In *Howarth* v. *Howarth, supra,* 115 Cal.App.2d 769, at page 770, the court stated: "Briefly stated, appellant's primary contention is that the agreement sued upon was incorporated and merged in the decree granted by the District Court in and for Tooele County, Utah, in the divorce action between the parties, and as corollary thereto (a) that the payments under said agreement were in the nature of alimony and hence subject to modification by the Utah court, and (b) any attempt by a California court to enforce payment thereof constitutes a violation of the full faith and credit clause of the federal Constitution. In the previous action between the parties heretofore adverted to, the Superior Court in and for the County of Los Angeles decided each of these contentions adversely to appellant, and, as stated, upon appeal this judgment was affirmed. Hence appellant is estopped from relitigating the same questions in the instant proceeding."

Appellant's theory now, apparently, is that in the light of *Worthley* v. *Worthley,* 44 Cal.2d 465 [283 P.2d 19], and *Flynn* v. *Flynn,* 42 Cal.2d 55 [265 P.2d 865], the trial court erred in (1) determining under the laws of California the rights of the parties under the Utah decree; (2) concluding that the property settlement agreement was not by the Utah court incorporated nor made an operative part of the decree of divorce therein rendered; (3) concluding that the payments were not in the nature of alimony but were by the way of

property settlement and (4) the court did not give full faith and credit to the Utah decree, contrary to the provisions of article IV, section 1 of the Constitution of the United States.

In the Flynn case, *supra*, (p. 57) the property settlement agreement provided that in any action for divorce brought by either party " 'this agreement may be approved by [the] court and that the terms and provisions hereof may be made and become a part of and incorporated in any decree which may be made by such court, and the parties ordered to comply with the provisions thereof.' " The decree provided that "The property settlement agreement between the parties hereto dated October 11, 1941, and received in evidence herein, is hereby ratified, approved and confirmed and the same is hereby specifically incorporated herein and made a part of this decree, and defendant is hereby ordered to make all of the payments provided therein to be paid by him, at the times and in the manner therein provided, and plaintiff and defendant are hereby ordered to comply in all respects with each and all of the terms and provisions of said agreement and to perform all their obligations thereunder as therein provided." The Supreme Court held that there could be no doubt as to the intent of the parties and the court that a merger should occur; that a property settlement agreement may be incorporated in a judgment or decree by reference, and that an examination of the property settlement incorporated by reference in the interlocutory decree made it clear that it was an "integrated bargain" and subject to modification only according to the terms contained therein.

A comparison of the language used in the property settlement agreement and judgment in the instant case with that in the Flynn case discloses that there is no similarity whatsoever between the two. In the case before us the decree merely recites that the "property settlement and agreement attached to the complaint on file herein which has been entered into by and between the parties hereto relative to their property is hereby confirmed and approved." ▮ As stated in *Flynn* v. *Flynn, supra,* at page 58: ". . . the parties may intend only to have the validity of the agreement established, and not to have it become a part of the decree enforceable as such." (Citing *Howarth* v. *Howarth, supra,* 81 Cal.App.2d 266, 272.) And, "If a merger is not intended, the purpose of incorporation will be only to identify the agreement so as to render its validity res judicata in any subsequent action based upon

it.'' (Citing *Howarth* v. *Howarth, supra,* 81 Cal.App.2d 266, 272.)

In *Worthley* v. *Worthley, supra,* 44 Cal.2d 465, the holding is concisely set forth in the concluding paragraph of the main opinion at page 474: ''Accordingly, we hold that foreign-created alimony and support obligations are enforceable in this state. In an action to enforce a modifiable support obligation, either party may tender and litigate any plea for modification that could be presented to the courts of the state where the alimony or support decree was originally rendered.''

There is nothing in the holdings in *Lubin* v. *Lubin,* 144 Cal.App.2d 781 [302 P.2d 49], and *Foust* v. *Foust,* 47 Cal. 2d 121 [302 P.2d 11], cited by appellant, or in *Flynn* v. *Flynn, supra,* and *Worthley* v. *Worthley, supra,* which is in any wise contrary to those set forth by this court in the two prior actions on the property settlement agreement which is the subject of the instant action.

It would appear to us that the appellant in this case is insistent that he will not comply with his agreement to pay under the property settlement agreement unless he is compelled to do so by court action. The plaintiff herein has now been compelled to bring three separate actions for a total of about $13,980, representing approximately seven and a half years of delinquencies on the part of appellant.

As already pointed out, there is no doubt in our mind that all of the points raised by appellant have heretofore been determined against him at least once, and most of them twice. In our opinion the appeal is without any semblance of substance and is a proper case to impose a penalty against the appellant as is provided for under rule 26a, Rules on Appeal and section 957 of the Code of Civil Procedure. We are thoroughly familiar with the holdings to the effect that appellate courts are reluctant to hold that an appeal is frivolous; at the same time we are convinced that the appellant here has, by this appeal, imposed a wholly unnecessary burden upon the respondent and has in addition thereto improperly consumed the time of the courts which might well be devoting their efforts and time to matters which have not already been twice decided by the Supreme Court of California and the United States Supreme Court.

The judgment is affirmed, and pursuant to the provisions of rule 26a of the Rules on Appeal, and section 957 of the

Code of Civil Procedure, the sum of $300 is assessed against the appellant and added to the costs as a penalty for the taking of a frivolous appeal.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 6, 1957.