**Karen Anderson STUCKI, Plaintiff and Appellant,**

v.

**Franklin S. STUCKI, Defendant and Respondent.**

**No. 14563.**

Supreme Court of Utah.

March 29, 1977.

Patrick H. Fenton, Cedar City, for defendant-appellant.

Michael W. Park, Cedar City, for plaintiff-respondent.

HALL, Justice:

Plaintiff obtained a decree of divorce from defendant on June 21, 1973. The decree awarded plaintiff alimony in lieu of property settlements in the amount of $12,000, payable at $300 per month. Plaintiff filed a motion to modify the decree alleging change of circumstances that would warrant a continuation of alimony after the sum of $12,000 was paid. The same was heard on March 1, 1976, and denied by the court in the absence of a showing of a substantial change of circumstances. The sole question raised by this appeal is whether the trial court erred in refusing to modify the decree.

The resolution of this matter requires the interpretation of Sec. 30-3-5, U.C.A.1953, which confers continuing jurisdiction upon the court to make such subsequent changes or new orders with respect to support, maintenance, custody, or distribution of property as shall be reasonable and necessary; and this section has been construed numerous times by this court. This section has been construed, practically since its enactment, to confer jurisdiction upon the court to make changes with regard to the distribution of property only in cases where there has been a change in circumstances or condition of a party since the entry of the original decree.[1]

The facts of this case are that at the time the original decree was entered the court made findings of fact that plaintiff suffered from a heart ailment of considerable extent, that her health was impaired, and that she was entitled to lump sum alimony in lieu of a property settlement. Plaintiff's testimony at the time of trial was to the effect that she was not working and did not intend to.

The same judge heard the motion to modify and at the time the court ruled on the

---

1. *Dixon v. Dixon*, 121 Utah 259, 240 P.2d 1211; *Ridge v. Ridge*, Utah, 542 P.2d 189.

motion, he also made the observation that he had a recollection of *plaintiff's health, lack of, and intention not to seek employment.*

Plaintiff's assertions of present inability to work and no probability of inheritance were duly considered by the court and found not to be of sufficient magnitude to dictate a modification of the decree and with that conclusion we agree.

This court must review the whole evidence in the light most favorable to the findings of the trial court and will not disturb them merely because it might view the matter differently, but only if evidence clearly preponderates against the findings.[2] The case of *Ridge v. Ridge,* supra, cited by plaintiff is also supportive of this proposition.

Affirmed. Costs to defendant.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

2. *Stone v. Stone,* 19 Utah 2d 378, 431 P.2d 802.